TATE, Justice.
The defendant was convicted of simple robbery, La.R.S. 14:65, and sentenced, as a multiple offender, La.R.S. 15:529.1, to ten years at hard labor. He appeals, making eight assignments of error.
Assignments 1, 2, and 7 present the principal issues of the appeal. They relate to the lawfulness of the defendant’s arrest.
A serviceman was robbed at the Greyhound bus depot. Two policemen searched in the vicinity for a person meeting the description of the robber. Eight blocks away, they observed the defendant, who met the description — dressed in maroon pants and jacket, big hat, and with heavy mustache and goatee.
They testified that they asked the defendant to come back to the bus depot. They first informed him he was a suspect in an armed robbery, because he met the description of the robber. The defendant came back with them voluntarily. The victim immediately identified him as the robber.
The defendant was arrested. He then told the officers he had merely threatened the victim, not used a gun.
After he was brought to the police station, money identified as that stolen was found in his socks, in the course of a search of his person. The officers further testified that they fully informed the defendant of his Miranda rights, both following the initial detention eight blocks from the robbery and again following the arrest.
This testimony thus shows an initial stop for investigation based upon reasonable belief that the accused may have committed an offense, a voluntary return to the scene of the robbery, a lawful arrest following the victim’s identification of him as the robber, a voluntary statement of an inculpatory nature following the arrest, and the discovery of the stolen money in the course of a lawful search of his person subsequent to a custodial arrest.
We find no error in the trial court’s acceptance of the officers’ testimony to this effect and in its rejection of the accused’s testimony to the contrary. These assignments of error are without merit.
The other assignments urged are equally without merit:
 Assignment 3: The trial court did not abuse its discretion in denying a motion, made on the day fixed for the trial, for a transfer of the case to another section and for the withdrawal of counsel. Assignment 4 : Likewise, no error or abuse of discretion is shown by the trial court’s removal of the accused from the courtroom after he cursed the judge and struggled with the sheriffs and otherwise disrupted the trial, with the court repeatedly offering the accused the right to return if he promised to behave (which he would not). Illinois v. Allen, 397 *1314 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Assignment 5: The question objected to was not leading. Assignment 6: The motion for new trial (based upon the above alleged errors) was properly denied. Assignment 8: The motion to quash the multiple-offender bill, based upon reasons repeatedly rejected by this court, was properly denied.

Decree ■

Accordingly, we affirm the conviction and sentence.
AFFIRMED.